IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL D. CARR                                                                                    PETITIONER
ADC #102763

v.                                              4:24-cv-00231-JM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Corrections                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.   BACKGROUND

Petitioner Michael D. Carr, an inmate at the Cummins Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*.  (Doc. No. 2.)  In 2021, Mr. Carr was convicted by a jury in the Circuit Court of Drew County, Arkansas, of one count of possession of methamphetamine with purpose to deliver.  (Doc. No. 6-2 at 77-80.) He was sentenced as a habitual offender to sixty years' imprisonment.  (*Id*.)  On direct appeal, the Arkansas Court of Appeals summarized the relevant facts as follows:

> Appellant was arrested on November 19, 2020, after Sheriff Mark Gober with the Drew County Sheriff's Office stopped a vehicle in which appellant was a passenger. The driver of the vehicle, John Mann, had an active warrant for his arrest. Appellant had suspected marijuana in his pocket and had a container that he shook from his pants leg that contained suspected methamphetamine. He was arrested for possession of drugs. A search of his home turned up a bag with more suspected methamphetamine, a 9mm pistol, a scale with residue, a bullet, lighters, plastic spoons, and other items. He was subsequently charged with possessing more than 10 grams, but less than 200 grams, of methamphetamine with purpose to deliver; simultaneous possession of drugs and firearms; possession of drug paraphernalia; and being a felon in possession of a firearm.

*Carr v. State of Arkansas*, 2023 Ark. App. 345, 2, 669 S.W.3d 854, 856.[1] Mr. Carr's counsel on appeal filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there was nothing in the record to support an appeal. 2023 Ark. App. 345 at 1, 669 S.W.3d at 856. Mr. Carr was offered an opportunity to submit *pro se* points in support of reversal, but he did not do so. *Id*. at 1-2, 669 S.W.3d at 856. The Arkansas Court of Appeals affirmed, agreeing with counsel that the trial court's adverse rulings presented no meritorious ground for reversal. *Id*. at 8, 669 S.W.3d at 859.

Subsequently, a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 was filed on Mr. Carr's behalf. (Doc. No. 6-5 at 31-38.) The petition alleged Mr. Carr's trial counsel was ineffective in two ways: (1) for failing to object to Sheriff's Gober's trial testimony regarding the traffic stop, which was allegedly inconsistent with the probable-cause affidavit; and (2) for failing to object to a forensic chemist's testimony regarding her failure to test the suspected methamphetamine discovered during the traffic stop. (*Id*.) The Rule 37 petition and accompanying affidavit were signed by Ka'Misha Davis, Mr. Carr's wife and purported attorney-in-fact. (*Id*. at 38.) The circuit court dismissed the petition with prejudice on the basis

---

[1] The trial court granted Mr. Carr's motion for directed verdict on the simultaneous-possession charge, and the jury acquitted him on the drug-paraphernalia and felon-in-possession charges. 2023 Ark. App. 345 at 5, 669 S.W.3d at 857-58.

2

that it failed to comply with the verification requirement set out in Rule 37.1(c), which is a jurisdictional requirement.   See Ark. R. Crim. P. 37.1(c) (a Rule 37 petition "shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths" stating the petitioner has read the petition and that the facts stated in it are true, correct, and complete to the best of his knowledge and belief).   (*Id*. at 42-43.)   Mr. Carr appealed the circuit court's order of dismissal; the Arkansas Court of Appeals granted the State's motion to dismiss the appeal for failure to comply with the verification requirement.   (Doc. Nos. 6-7, 6-8.)

In the Petition for Writ of Habeas Corpus now before the Court, Mr. Carr raises the same two claims of ineffective assistance of counsel that were presented in the Rule 37 petition.   (Doc. No. 2 at 4-9.)   Respondent Dexter Payne, Director of the Arkansas Division of Correction, contends Mr. Carr's claims are procedurally defaulted.   (Doc. No. 6 at 5-15.)   After careful consideration of the Petition, Response, and Reply (Doc. No. 9), I find Mr. Carr's claims are inexcusably procedurally defaulted.   The Petition should be dismissed with prejudice.

**II.   ANALYSIS**

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies.   *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).   The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."   *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204

3

(1950))) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Id*. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Additionally, in order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Rule 37 petition filed on Mr. Carr's behalf raised the two ineffective-assistance

claims he now presents. However, both the circuit court and the Arkansas Court of Appeals declined to hear the claims on their merits, finding there was no jurisdiction to do so because Mr. Carr had not complied with the verification requirement. *See Martin v. State of Arkansas*, 2012 Ark. 312, 2 (per curiam) ("a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition"); Ark. R. Crim. P. 37.1(d) (a circuit court or appellate court "shall dismiss" an unverified Rule 37 petition). Because a properly verified Rule 37 petition would now be untimely and thus futile, there is an "independent and adequate state-law ground" for Mr. Carr's conviction and sentence, and federal habeas review is barred absent an exception. *Armstrong*, 418 F.3d at 926; *see also Murphy*, 652 F.3d at 849 ("A state prisoner procedurally defaults a claim by violating a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court.").

The cause-and-prejudice exception requires a showing of "some objective factor external to the defense" that impeded development of the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. Carr does not identify any such impediment. The miscarriage-of-justice exception is likewise inapplicable. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Mr. Carr does not begin to cross the very high threshold of an actual-innocence gateway claim, as he does not point to any new evidence.

Mr. Carr does contend that the procedural default of his claims should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. Nos. 2 at 9-10, 9 at 5-11.) In *Martinez*, the United States Supreme Court created a narrow exception to the general rule that an attorney's errors in a post-conviction proceeding do not qualify as cause for a default:

5

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

566 U.S. at 14. In *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), the Court expanded the holding in *Martinez* to cases in which the state procedures, by reason of their design and operation, make it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." And in *Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013), the Eighth Circuit held the *Trevino* analysis applies – and *Martinez* is therefore applicable – in Arkansas cases because Arkansas does not generally afford defendants meaningful review of ineffective-assistance-of-trial-counsel claims on direct appeal.

But the language of *Martinez* strongly implies, if not compels, that there must have actually been a properly filed post-conviction proceeding in order for the exception to apply. *Martinez* and its progeny discuss a defective collateral-review process; they do not discuss a non-existent one – a collateral review that did not happen because the convicted person simply failed to file it properly. *See Jones v. Pa. Bd. of Prob. & Parole*, 492 Fed. Appx. 242, 246-47 (3d Cir. 2012) ("Because the Court spoke only of applying its exception to an 'initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]' we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever.").

As the state courts noted in dismissing the Rule 37 petition filed on Mr. Carr's behalf, the

Rule 37 verification requirement is jurisdictional in nature. *See Martin*, 2012 Ark. 312 at 2. *Martinez* has been held to be inapplicable when a *pro se* collateral-review petition is improperly filed and thus fails to confer jurisdiction. *See, e.g.*, *Smith v. Payne*, 5:16-cv-00066-DPM-BD, 2020 WL 6144524, at 18 (E.D. Ark. Jan. 23, 2020), *report and recommendation adopted as modified sub nom. Smith v. Kelley*, 2020 WL 5496094 (E.D. Ark. Sept. 11, 2020) (*Martinez* not applicable where Rule 37 petition exceeded page limit); *Love v. Kelley*, 5:19-cv-00252-DPM-JJV, 2020 WL 4516846, at 5 (E.D. Ark. Apr. 6, 2020), *report and recommendation adopted sub nom. Love v. Payne*, 2020 WL 4508239 (E.D. Ark. Aug. 5, 2020) (*Martinez* not applicable where Rule 37 petition not timely filed); *Bell v. Kelley*, 5:17-cv-00234-SWW-JTR, 2018 WL 3653317, at 6 (E.D. Ark. June 29, 2018), *report and recommendation adopted* 2018 WL 3650228 (E.D. Ark. Aug. 1, 2018) (same). In failing to comply with the verification requirement, Mr. Carr failed to properly initiate the collateral review process. Accordingly, he cannot avail himself of the *Martinez* exception.

Even if *Martinez* were applicable, Mr. Carr would not be able to overcome the default of his claims because he cannot demonstrate the underlying claims are substantial. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a claim of ineffective assistance of counsel has two components: (1) that counsel's performance was deficient, resulting in errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, depriving the defendant of a fair trial. The deficient-performance component requires that a defendant show counsel's representation fell below an objective standard of reasonableness. *Id*. at 687-88. The prejudice component requires that a defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. A reasonable probability is a

probability sufficient to undermine confidence in the outcome. *Id*. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id*. at 687.

For his first claim, Mr. Carr contends his trial counsel was ineffective for failing to object to Sheriff Gober's trial testimony. (Doc. No. 2 at 4-6.) In his testimony, Sheriff Gober stated he was driving when he saw John Mann standing with some other individuals on the shoulder of the road. (Doc. No. 6-2 at 163.) After verifying Mann had an active warrant, Sheriff Gober turned around and went back to the place where he had seen Mann; however, Mann was not there. (*Id*.) Sheriff Gober continued to drive and later came across the vehicle he knew Mann to drive, at which point he initiated the traffic stop that led to the discovery of the methamphetamine on Mr. Carr's person. (*Id*. at 163-65.) According to Mr. Carr, this testimony conflicted with the probable-cause affidavit. (Doc. No. 2 at 4-6.) The affidavit – which was sworn not by Sheriff Gober but by another officer – stated Sheriff Gober initiated the traffic stop after he "recognized John Mann driving a vehicle." (Doc. No. 6-2 at 5.) Mr. Carr insists an objection from his trial counsel "would have established that Sheriff Mark Gober submitted false testimony." (Doc. No. 2 at 5.) Mr. Carr is wrong. Sheriff Gober's trial testimony simply included an additional, ultimately inconsequential detail – that he first saw Mann on the side of the road before later seeing him in his car. An objection would have done nothing to call his credibility into question, and trial counsel cannot be deemed deficient for failing to make a meritless objection. *Gray v. Bowersox*, 281 F.3d 749, 756 n. 3 (8th Cir. 2002).

For his second claim, Mr. Carr says his counsel should have objected to the testimony of Megan Peters, the forensic chemist from the Arkansas State Crime Lab who tested the evidence for the presence of controlled substances. (Doc. No. 2 at 6-9.) Peters testified that she tested a

white crystalline substance submitted to the crime lab, which turned out to contain methamphetamine and which weighed 103.1 grams. (Doc. No. 6-2 at 201.) She stated she also received "seven plastic bag corners and a plastic bag all containing a white crystalline substance," which in total weighed 26.7802 grams. (*Id*.) According to Peters, she did not test this substance because even if it had tested positive for methamphetamine, it would not have been enough to bring the aggregate amount to more than 200 grams, the threshold for a higher charge. (*Id*. at 201-04.) Mr. Carr contends he was never charged with possessing the 103.1 grams of methamphetamine recovered from his home and that he was only charged with possessing the 26.7802 grams recovered during the traffic stop, which he says was never tested. (Doc. No. 2 at 8-9.) There is simply no basis in fact for Mr. Carr's assertion. As the record shows, Mr. Carr was charged with and convicted of one count of possessing more than ten grams but less than 200 grams of methamphetamine, with purpose to deliver. (Doc. No. 6-2 at 11.) The evidence, including Peters' testimony, established that he possessed at least 103.1 grams. Any objection would have been without merit, and Mr. Carr's claim would fail under *Strickland*.

For all these reasons, Mr. Carr's claims of ineffective assistance of counsel are inexcusably procedurally defaulted, and habeas review is barred. His Petition should be dismissed with prejudice.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Carr has made a substantial showing of the denial of a constitutional

right. Accordingly, no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Carr's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 31st day of July 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE